UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRANBROOK CUSTOM HOMES LLC,

      Plaintiff,

vs.                                          Case No. 2:17-cv-11060
                                          HON. GERSHWIN A. DRAIN

WAEIL FANDAKLY, *et al.*,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO CANCEL LIS PENDENS [#18], GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTER COMPLAINT [#19] AND IMPOSING SANCTIONS

### I. INTRODUCTION

Plaintiff filed the instant action on April 4, 2017 alleging that Defendants have violated the Copyright Act, 17 U.S.C. § 501 *et seq.*, by copying Plaintiff's copyrighted materials, including architectural plans, building plans, and brochures and used these materials to build their own home in Rochester Hills, Michigan. Plaintiff filed a First Amended Complaint on June 8, 2017.

Presently before the Court are the following motions: (1) Defendants' Motion to Cancel the Notice of Lis Pendens and Sanctions, filed on September 19, 2017; and

(2) Defendants' Motion to Add a Counterclaim, also filed on September 19, 2017. These matters are fully briefed and the Court concludes that oral argument will not aid in the disposition of these matters. Accordingly, the Court will resolve the present motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, it the Court will grant both of Defendants' motions.

## II. FACTUAL BACKGROUND

Plaintiff is one of Southeast Michigan's largest custom home builder companies. Plaintiff advertises its services and maintains its website at http://cranbrookcustomhomes.com. Plaintiff has built many different homes as part of its Meadowbrook Series of homes. One of the premier homes designed and built by Plaintiff is called the Esperance model home.

Plaintiff has secured copyright protection and is the owner of the following items that are covered by United States copyright registrations: (1) Esperance Brochure; (2) Esperance Blue Prints; and (3) Esperance Building design.

Plaintiff became aware of a home being built in Rochester Hills, Michigan (the "Infringing Home"). Plaintiff obtained documents filed with the City of Rochester Hills as part of the home building process. Plaintiff learned that Defendants, Waeil and Abigail Fandakly, are the homeowners of the Infringing Home and Defendant Blake Elderkin is the architect for the Infringing Home. Plaintiff has also obtained the building plans for the Infringing Home and alleges

that they are copies of Plaintiff's Esperance Building Design, Esperance Brochure and Esperance Blue Prints.

Plaintiff initiated this action seeking damages and injunctive relief. In connection with the filing of the Complaint, Plaintiff filed a Notice of Lis Pendens. The Notice states in relevant part:

> PLEASE TAKE NOTICE that there is currently pending in the United States District Court, Eastern District of Michigan, Southern Division, a Complaint filed by Plaintiff Cranbrook Custom Homes, LLC, involving real property located at 1768 Piccadilly Court, Rochester Hills, Michigan 48309, and more fully described as:
>
> Land situated in Rochester Hills, Oakland County, Michigan, described as:
>
> T3N, R11E, SEC 19 BUTLER RIDGE NO 2 LOT126 12-12-04 FR 300-007
>
> Parcel Identification No. 70-15-19-377-027
> Common Address: 1768 Piccadilly Court, Rochester Hills, Michigan 48309

Defendants were not made aware of the lis pendens notice until sometime in August of 2017. Counsel for Defendants sent correspondence to Plaintiff's counsel requesting that counsel discharge the notice. *See* Mot. at Pg ID 253-54. On August 30, 2017, Plaintiff's counsel sent correspondence which states in relevant part:

> My client has a proper lien against the property. Copyright law affords that right to my client.

      \*      \*      \*

> We encourage your client to rethink its settlement offer. We have prepared our case and we intend to take this to trial. Our architect/builder expert has already given his opinion and he affirms infringement of all three of our asserted copyrights. We are meeting with our damage expert to begin preparation of the damage report. We will be seeking damages in excess of $500k.

*Id*. at Pg ID 253. The motions presently before the Court were filed shortly thereafter.

## III. LAW & ANALYSIS

### A. Motion to Cancel Notice of Lis Pendens

Defendants argue that the Notice of Lis Pendens is unauthorized under Michigan law and must not remain of record. Defendants further assert that Plaintiff is fully aware that a Notice of Lis Pendens is improper in a copyright infringement case, yet Plaintiff unjustifiably refuses Defendants' request to withdraw the notice.

In Michigan, a party may file a notice of lis pendens to provide constructive notice of a lawsuit to purchasers of real property. *See* MICH. COMP. LAWS § 600.2701. The statute also "applies to suits affecting title to real property in the federal courts." MICH. COMP. LAWS §600.2735(1).

Plaintiff argues that the lis pendens notice is appropriate because it seeks the destruction or impoundment of Defendants' home pursuant to 17 U.S.C. § 503(a) and (b). While there is very little authority on this issue, several courts that have addressed this issue, including in this district, have concluded the Copyright Act does not permit the type of relief sought by Plaintiff. *See Zitz, Inc. v. Pereira*, 965

F.Supp. 350 (1997); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532 (4th Cir. 2007); *Chirco v. Hampton Ridge L.L.C.*, No. 01-72015, 2002 U.S. Dist. LEXIS 29050 (E.D. Mich. Sept. 24, 2002)(Roberts); *Chirco v. Gateway Oaks, LLC*, No. 02-73188 (E.D. Mich. Jan. 16, 2003)(Borman). It is noteworthy that Plaintiff's counsel in the present action was also counsel in the cases before Judges Borman and Roberts, however in those cases, counsel advanced the very position that Defendants argue here; namely that destruction of a completed home is not a remedy available pursuant to 17 U.S.C. § 503(a).

In *Zitz*, the plaintiff alleged that the homeowner and architect infringed his copyrighted architectural designs by using them to design a residential dwelling. *Zitz*, 965 F.Supp at 351-52. After reviewing the Copyright Act provision permitting a court to order the destruction of infringing copies, the *Zitz* court concluded that the cases that relied on §503 to order the destruction of infringing copies all involved "movable articles" such as phonerecords, computer equipment and architectural plans rather than real property. *Id*. at 356-57. As such, the *Zitz* court concluded that the remedies afforded under § 503 "do not directly affect the title to, or the possession, use, or enjoyment of, real property." *Id*. at 357. The *Zitz* court therefore vacated the lis pendens notice. *Id.*; *see also Chirco*, 2002 U.S. Dist. LEXIS 29050, at *47-52 (canceling notice of lis pendens filed by the plaintiff alleging copyright

5

infringement of its architectural plans); *Chirco v. Gateway Oaks, LLC*, No. 02-73188, at Pg ID 237 (same).

Plaintiff provides no authority for its argument that destruction of Defendants' home is an available remedy under the Copyright Act. Additionally, the language and history of the provision do not support Plaintiff's theory. Faced with similar circumstances, the Fourth Circuit Court of Appeals opined:

> [A] house or building, as an expression of the architect's copyrighted plans, usually has a predominantly functional character. This functional character was the reason American copyright law, pre-Berne Convention, denied protection to constructed architectural works altogether . . . .This is the same reason that Congress manifested an expectation that injunctions will not be routinely issued against substantially completed houses whose designs violated architectural copyrights. H.R. Rep. No. 101-735, at 13-14 (1990) . . . .Those considerations are at their strongest when the architectural structure is completed and inhabited by the infringer, as here.

*Christopher Phelps & Assocs., LLC*, 492 F.3d at 544-45.

In conclusion, there is simply no basis for Plaintiff's current position, which is the exact opposite position that counsel advanced in the *Chirco* cases from this district. The Court will therefore grant the Defendants' Motion to Cancel the Notice of Lis Pendens.

Defendants also move for sanctions against Plaintiff's counsel for his unjustified refusal to withdraw the lis pendens notice. Plaintiff's counsel maintains that he should not be sanctioned because such refusal was not undertaken in bad faith. The Court disagrees.

This Court is empowered to award sanctions when a party pursues a litigation tactic in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO, Inc*., 501 U.S. 32, 45-46 (1991). Here, it appears that counsel has engaged in vexatious litigation tactics by filing a lis pendens notice with full knowledge that such an action finds no support in the law. Moreover, Plaintiff's counsel failed to apprise the Court of decisions from this very district where the court concluded that §503 does not allow for the destruction of real property. This fact is particularly egregious because Plaintiff's counsel represented the defendants in the *Chirco* cases and argued for the opposite result that the Plaintiff's counsel advances here. Based on these circumstances, the Court will impose sanctions against the Plaintiff for this conduct.

### B. Motion for Leave to File Counter-Complaint

Defendants also seek leave to file a counter-complaint to add a claim for slander of title due to the improper filing of a lis pendens notice. Plaintiff counters that Defendants' request to assert a counter-claim for slander of title is premature, untimely and prejudicial. Plaintiff's arguments are without merit.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. It states in relevant part:

>  **(a)** **Amendments Before Trial**.
>  (1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within:
>    (A) 21 days after serving it,

   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
  (2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Rule 15(a) is intended to "enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed." *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.,* 913 F. Supp. 541, 543 (E.D. Mich. 1996).  Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

    The Court has already concluded that Plaintiff improperly filed the lis pendens notice.  In Michigan, slander of title claims have both a common-law and statutory basis.  Under both common law and MICH. COMP. LAWS § 565.108, a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages. *B & B Inv. Grp. v. Gitler*, 229 Mich. App. 1, 581 N.W.2d 17, 20 (Mich. Ct. App. 1998).  Upon review of Defendants' proposed counter-complaint, the Court finds that it plausibly alleges a claim for slander of title, thus amendment will not be futile.

    As to Plaintiff's argument that Defendants' motion is both premature and untimely, such an argument is both inconsistent and meritless.  Defendants were not

aware of the lis pendens notice until an August 2017 bank title search, which revealed its existence. Defendants brought their motion shortly thereafter. Lastly, as to Plaintiff's assertion that it will be prejudiced by the amendment, such an argument is likewise without merit. Discovery does not close in this matter until February 9, 2018. Thus, Plaintiff has ample time to gather evidence in support of its defenses.

Plaintiff's reliance on *Moody v. Mich. Gaming Control Bd*., No. 12-cv-13593, 2013 U.S. Dist. LEXIS 54490 (E.D. Mich. Apr. 17, 2013) is misplaced because the factual circumstances in Moody are distinguishable from the circumstances present here. In *Moody*, the plaintiffs sought to amend their complaint to add Fifth and Sixth Amendment claims stemming from conduct that was known to the plaintiffs at the time they filed their original complaint. This is unlike the circumstances here, where the Defendants did not learn of their claim until four months after the action was initiated. Moreover, the Plaintiff herein will have thirty days within which to conduct discovery on Defendants' counterclaim. Therefore, the Court will grant the Defendants' request to add a counterclaim.

## IV. CONCLUSION

For the reasons articulated above, Defendants' Motion to Cancel the Notice of Lis Pendens and for Sanctions [#18] is GRANTED. The Court will award Defendants' costs and attorney fees incurred as a result of Plaintiff's filing the lis

9

pendens notice. Defendants shall submit their billing sheets and a brief statement indicating the fees and costs incurred as a result of the lis pendens notice <u>no later than January 17, 2018</u>.

Additionally, the Defendants' Motion to Add Counterclaim [#19] is GRANTED.

SO ORDERED.

Dated:  January 12, 2018                                    /s/Gershwin A. Drain
                                                            GERSHWIN A. DRAIN
                                                            United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 12, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Case Manager